1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  DORIAN JUNG
   Deputy Attorney General
6  State Bar No. 200116
      455 Golden Gate Avenue, Suite 11000
7     San Francisco, CA 94102-7004
      Telephone: (415) 703-1342
8     Fax: (415) 703-1234
      Email: dorian.jung@doj.ca.gov
9  Attorneys for Respondent

10

11                        IN THE UNITED STATES DISTRICT COURT

12                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                                    OAKLAND DIVISION

14  **ROMAN SUNDAY, SR.,**                              C 07-05308 SBA (PR)

15                                    Petitioner,        **MOTION TO DISMISS**
                                                        **UNTIMELY PETITION FOR**
16        v.                                            **WRIT OF HABEAS CORPUS**

17  **D. K. SISTO, Warden,**

18                                    Respondent.

19

20                                    **INTRODUCTION**

21          Respondent moves to dismiss the petition for writ of habeas corpus.  The petition is

22  untimely, as it was filed beyond the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

23  A motion to dismiss in lieu of an answer on the merits is appropriate where the petition is

24  procedurally defective.  *See White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989); *O'Bremski v. Maass*,

25  915 F.2d 418, 420 (9th Cir. 1990); Rules Governing 28 U.S.C. § 2254 Cases, Rule 4, and Advisory

26  Committee Notes; *see also Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (motion

27  to dismiss proper if time bar is clear from face of complaint).  Respondent has not noticed a hearing

28  date because petitioner is an incarcerated state prisoner who is representing himself in this case.

Motion To Dismiss Untimely Petition - *Sunday  v. Sisto* - C 07-05308 SBA (PR)

**PROCEDURAL BACKGROUND**

On April 3, 2001, the District Attorney of Contra Costa County filed an information against petitioner Roman Sunday, Sr. Count 1 charged murder, in violation of Cal. Penal Code § 187(a). Count 2 charged kidnapping a child under the age of 14, in violation of Cal. Penal Code §§ 207(a) and 208(b). Count 3 charged unlawful possession of a firearm by a felon, in violation of Cal. Penal Code § 12021(a)(1). In connections with counts 1 and 2, the information specially alleged that petitioner used a firearm within the meaning of Cal. Penal Code §12022(a)(1). The information further alleged that petitioner had suffered two prior strike convictions within the meaning of Cal. Penal Code §§ 667(b)-(i) and 1170.12, and had suffered two prior serious felony convictions within the meaning of Cal. Penal Code § 667(a)(1).

On August 13, 2002, a jury convicted petitioner of first degree murder on count 1, and found him guilty as charged on the other two counts. The jury further found the associated firearm use allegations to be true.

On September 12, 2003, the trial court found the prior felony conviction allegations to be true. The court sentenced petitioner to state prison for the total indeterminate term of 86 years to life. Petitioner appealed.

On June 22, 2005, the California Court of Appeal affirmed petitioner's conviction. Exh. A.

On July 26, 2005, petitioner filed a petition for review. Exh. B. On October 12, 2005, the California Supreme Court issued an order denying the petition. Exh. B.

On November 13, 2006, petitioner filed a petition for writ of habeas corpus in Contra Costa County Superior Court. Exh. C. The court denied the motion on December 21, 2006. Exh. C

On April 16, 2007, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal. Exh. D. On April 18, 2007, the state court denied the petition as untimely, citing *In re Clark*, 5 Cal.4th 750 (1993), and *In re Robbins*, 18 Cal.4th 770 (1998). Exh. D.

On April 26, 2007, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. Exh. E. On September 12, 2007, the state court denied the petition. Exh. E.

Motion To Dismiss Untimely Petition - *Sunday v. Sisto* - C 07-05308 SBA (PR)

1    On October 18, 2007, petitioner filed the instant petition pursuant to 28 U.S.C. § 2254.

2                                        **ARGUMENT**

3

4    **THE INSTANT PETITION IS UNTIMELY AND DISMISSAL WITH PREJUDICE IS REQUIRED**

5    Petitioner filed the instant petition on October 18, 2007.  Accordingly, this case is

6    governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which applies

7    to all cases filed after its effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997).

8    The AEDPA imposed a one-year statute of limitations on the filing of habeas petitions in federal

9    court. 28 U.S.C. § 2244(d). The year commences on "the date on which the judgment became final

10   by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C.

11   § 2244(d)(1)(A).  The time for seeking direct review includes the 90-day period within which a

12   petitioner can file a petition for a writ of certiorari from the United States Supreme Court under

13   Supreme Court Rule 13, whether or not the petitioner actually files such a petition. *See Bowen v.*

14   *Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  The judgment therefore became final on January 10,

15   2006.

16   The limitations period is statutorily tolled during the period of time in which a properly

17   filed application for state post-conviction or other collateral review with respect to the pertinent

18   judgment or claim is pending. 28 U.S.C. § 2244(d)(1)(A), (d)(2). Tolling generally continues during

19   "the intervals between a lower court decision and the filing of a new petition in a higher court."

20   *Carey v. Saffold*, 536 U.S. 214, 223 (2002).  A federal habeas petitioner is entitled to tolling when

21   he is "invoking one complete round of the State's established appellate review process" in order to

22   exhaust state court remedies. *Id.* at 220.

23   Here, the limitations period, which commenced on January 10, 2006, ran for 307 days,

24   until petitioner filed a habeas petition in the Santa Clara County Superior Court on November 13,

25   2006. The statute was tolled for 38 days, ending with the court's denial of the petition on December

26   21, 2006.

27   On April 16, 2007, petitioner filed a petition for writ of habeas corpus in the California

28   Court of Appeal.  However, the state appellate court denied the petition as untimely on April 18,

Motion To Dismiss Untimely Petition - *Sunday v. Sisto* - C 07-05308 SBA (PR)

1  2007, citing *In re Clark*, 5 Cal.4th at 782-99, and *In re Robbins*, 18 Cal.4th at 780.  Exh. D.  When

2  a state court rejects a state postconviction proceeding as untimely, it is not "properly filed" within

3  the meaning of the statutory tolling provisions of 28 U.S.C. § 2244(d)(2).  *Pace v. DiGuglielmo*, 544

4  U.S. 408, 417 (2005).  Indeed, "a petition filed after a time limit, and which does not fit within any

5  exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits

6  no exceptions."  *Id.* at 1812; *see also Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007); *Bonner

7  v. Carey*, 425 F.3d 1145, 1149 (9th Cir.2005) amended 439 F.3d 993 (9th Cir.2006).  The April 16,

8  2007, state habeas petition therefore could not, and did not, toll the applicable limitations period.

9        The record accordingly establishes that the limitations period, which commenced on

10  January 10, 2006, ran for 307 days, then was tolled for 38 days by petitioner's filing of a habeas

11  petition in the Contra Costa County Superior Court on November 13, 2006.  This extended the

12  federal deadline to February 17, 2007.  No further statutory tolling occurred.  The instant federal

13  petition is untimely by eight months, and must be dismissed with prejudice.  *See Green v. White*, 223

14  F.3d 1001, 1002 (9th Cir. 2000).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CONCLUSION**

2       For the foregoing reasons, respondent respectfully requests that the order to show cause

3   be discharged, and the petition be denied.

4       Dated:  September 9, 2008

5                                   Respectfully submitted,

6                                   EDMUND G. BROWN JR.
                                    Attorney General of the State of California

7                                   DANE R. GILLETTE
                                    Chief Assistant Attorney General
8
                                    GERALD A. ENGLER
9                                   Senior Assistant Attorney General

10                                  PEGGY S. RUFFRA
                                    Supervising Deputy Attorney General
11

12                                  /s/ Dorian Jung
                                    DORIAN JUNG
13                                  Deputy Attorney General

14                                  Attorneys for Respondent

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# CALIFORNIA APPELLATE COURTS

Case Information

| | |
|---|---|
| **Welcome** | **1st Appellate District** |
| **Search** | Court data last updated: 09/08/2008 05:05 PM |
| **E-mail** | |
| **Calendar** | **Case Summary  Docket  Scheduled Actions  Briefs** |
| **Help** | **Disposition  Parties and Attorneys  Trial Court** |
| **Opinions** | |

Change court ▼

## Docket (Register of Actions)

**The People v. Sunday**
**Division 5**
**Case Number A104520**

| Date | Description | Notes |
|---|---|---|
| 11/13/2003 | Notice of appeal lodged/received (criminal). | |
| 11/13/2003 | Notice to reporter to prepare transcript. | dated 11/6/2003 |
| 01/07/2004 | Counsel appointment order filed. | Atty McCabe aptd for aplt. Sunday. ind./40 |
| 02/20/2004 | Court reporter extension requested. | by CSR Beth Grant #10943; extension requested to 3/1/2004 |
| 02/23/2004 | Court reporter extension granted. | Reporter: Grant, Beth (010943). Deadline extended to: 03/01/04. |
| 04/05/2004 | Notice of record completion received. | |
| 04/05/2004 | Record on appeal filed. | c-3-r-8 (boxed record) r-1 sealed proceedings dated 8/12/2002 (pages 1317-1320) |
| 04/05/2004 | Probation report filed. | (1) |
| 05/18/2004 | Default sent to court appointed counsel. | |
| 05/25/2004 | Motion/application to augment record filed. | 1)RT of in camer hearing with juror #1 on 8-12-02, 2)RT of opening statement ob prosecuter. 3)Transcript or in alternative copy of video tape of interview with Sunday Jr.play by prosecution. 4)Copy of exhibits 40,40A,40B and 41. Plus REX of 30 days from ARF to file AOB |
| 05/25/2004 | Requested - extension of time. | Attorney: McCabe, John Party: Sunday, Roman |
| 05/27/2004 | Augmentation granted. (See order.) | arf due 30 days/aob due 30 days later. |
| 06/29/2004 | Telephone conversation with: | superior court/tapes are copied/they will contact two rpts on their progress. |

| 07/12/2004 | Telephone conversation with: | Beverly stepped away/she will call me back. |
|---|---|---|
| 07/12/2004 | Telephone conversation with: | Beverly will be transmitting this augment either today or early tomorrow. |
| 07/26/2004 | Telephone conversation with: | superior court/court clerk is trying to locate the priors/they will submit a rex. |
| 08/05/2004 | Telephone conversation with: | superior court/rex is in the works/up for appellate suvisng judge's signature. |
| 08/18/2004 | County clerk extension requested. | as to augmentation; to 9/8/2004 |
| 08/19/2004 | County clerk extension granted. | as to augmentation; extension granted to 9/8/2004 |
| 09/14/2004 | Telephone conversation with: | superior court/will do a clerk's certificate as to the priors not being able to be located. |
| 09/16/2004 | Letter sent to: | all counsel/augment filed/aob due 10-18-04. |
| 09/21/2004 | Exhibits lodged. | clerk's certificate as to request 1 and 4/people's exh 39 (tape) and rpt's tx for 07-22-02. |
| 09/23/2004 | Motion filed. | To unseal record and REX for AOB. |
| 09/23/2004 | Requested - extension of time. | Attorney: McCabe, John Party: Sunday, Roman REX is for an additional 30 days after the court's ruling on the mot. to unseal the record as to the 8-12-04 RT. |
| 09/27/2004 | Order filed. | Aplts mot/unseal portions of the RT is grntd. Pages 1314- 1320 of proceedings held 8-12-02 are ordered unsealed,clerk to transmit copy to counsel for aplt. If aplt raises and issued respond. to be sent a copy upon req. Aplts req/EOT denied AOB due 10-18-04 per 17a1. |
| 10/08/2004 | Requested - extension of time. | Attorney: McCabe, John Party: Sunday, Roman |
| 10/08/2004 | Granted - extension of time. | Attorney: McCabe, John Party: Sunday, Roman |
| 10/26/2004 | Appellant's opening brief. | Attorney: McCabe, John Party: Sunday, Roman |
| 12/01/2004 | Respondent notified pursuant to rule 17(a)(2). | |
| 12/03/2004 | Respondent's brief. | Attorney: Office of Attorney General Party: The People |
| 12/15/2004 | Requested - extension of time. | Attorney: McCabe, John Party: Sunday, Roman |
| 12/16/2004 | Granted - extension of time. | Attorney: McCabe, John |

| | | Party: Sunday, Roman |
|---|---|---|
| 01/12/2005 | Appellant's reply brief. | Attorney: McCabe, John<br>Party: Sunday, Roman |
| 01/12/2005 | Case fully briefed. | |
| 01/19/2005 | Oral argument waiver notice sent. | |
| 01/25/2005 | Request for oral argument filed by: | Atty McCabe for aplt. Sunday. |
| 02/03/2005 | Record to court for review. | |
| 04/13/2005 | Calendar notice sent. Calendar date: | 5/19/05 at 11:00 a.m. |
| 04/18/2005 | Request filed to: | continue oral argument, filed by Deputy A.G. Jung. |
| 04/21/2005 | Argument continued to: | June 15 or 16 2005 calendar, counsel to be notified. |
| 04/21/2005 | Order filed. | Reapondent's request to continue oral argment is granted. Oral argument originally scheduled for 5-19-05 is ordered rescheduled and will be heard on June 15th or 16th 2005 calendar. Counsel will be notified upon determiation of the exact date and time. |
| 05/12/2005 | Calendar notice sent. Calendar date: | 6-15-05 at 11:00 am |
| 06/22/2005 | Opinion filed. | The judgment is affirmed. |
| 07/26/2005 | Petition for review in Supreme Court received. | |
| 08/05/2005 | Record transmitted to Supreme Court. | |
| 09/22/2005 | Supreme Court order filed re: | S135861/time to grant or deny review is extended to 10-24-05 or later. |
| 10/13/2005 | Petition for review denied in Supreme Court. | S135861 |
| 10/13/2005 | Remittitur issued. | |
| 10/13/2005 | Case complete. | |
| 12/23/2005 | Record returned from Supreme Court. | |
| 02/10/2006 | Exhibits returned to: | envelope |
| 02/15/2006 | Shipped to state retention center, box # / list #: | L204 |

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California

# EXHIBIT B

# CALIFORNIA APPELLATE COURTS

### Case Information



| | |
|---|---|
| **Supreme Court** | **Supreme Court**     Change court ⊡ |

Court data last updated: 09/08/2008 04:53 PM

Welcome

Search          **Case Summary   Docket   Briefs**
**Disposition   Parties and Attorneys   Lower Court**

E-mail

Calendar        ## Docket (Register of Actions)

Help            **PEOPLE v. SUNDAY**
                **Case Number** S135861

Opinions

C|C
home

| Date | Description | Notes |
|---|---|---|
| 07/26/2005 | Petition for review filed | By counsel for defendant (Roman Sunday, Sr.,) |
| 07/26/2005 | Record requested | |
| 08/05/2005 | Received Court of Appeal record | file jacket/briefs/sealed envelope/one box |
| 09/20/2005 | Time extended to grant or deny review | to and including October 24, 2005, or the date upon which review is either granted or denied. |
| 10/12/2005 | Petition for review denied | |

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California

# EXHIBIT C

Roman Sunday Sr.,   V-11338
CSP-SOL III, 1-106
P.O. Box 4000
Vacaville, Ca. 95696-4000

**S152252**

SUPREME COURT
LODGED EXHIBITS

APR 2 6 2007

Deputy

THE CALIFORNIA COURT OF APPEALS

FIRST APPELLATE DISTRICT DIVISION FIVE

| | | |
|---|---|---|
| ROMAN SUNDAY SR., | ] | CASE NO. 061448-7 |
| Petitioner | ] | PETITIONERS OBJECTION TO |
| | ] | SUPERIOR COURTS DECISION |
| V. | ] | IN RE, HABEAS CORPUS |
| | ] | |
| D.K. SISTO, Warden, | ] | |
| | ] | |
| Respondent. | ] | |

On November 13, 2006, the petitioner filed a Writ of Habeas Corpus in the Superior Court of California in and for the County of Contra Costa, on December 21, 2006, the petitioners Writ of Habeas Corpus was denied, see attached document.

The petitioner respectfully objects to the decision of the Superior Court Judge Theresa Canepa, and appeals to the California court of Appeals, First Appellate District Division Five. The petitioner was transferred from Calipatria State Prison to CSP-Solano therefore causing a slight delay in petitioners research time and preparation of his Pro Se Writ of Habeas Corpus for this he apologizes, though no fault of his own.

ARGUMENT I

The petitioner object to the decision of the Honorable Judge Theresa Canepa's denial of his Pro Se Writ of Habeas Corpus. The

-1-

medical records in question should have been submitted at the time
of trial, however because of ineffective counsel this was not done,
had the evidence that is now available been available at the time
of trial it is extremely unlikely that the petitioner would b'
incarcerated.

Petitioner cites (2006 WL 2325130, HOVEY V. AYERS CAL 2006)

"The clear implication of the prosecutions argument was
that Dr. Satten was uninformed about the subject of his
diagnosis and his conclusions stemmed from a general
misunderstanding of the facts. Even if the background
information did not change Dr. Satten's diagnosis, he at
least would have been able to testify more knowledgeably
about the case and better, weather the prosecution's
attempts to discredit him. He would have been able to
anticipate the prosecution's questions during cross
examination and explain how Hovey's activities around the
time of the offense could be consistent with schizophrenia.
Instead, Dr. Satten was caught by surprise, in an
embarrassed and vulnerable situation. He was entirely
discredited by his lack of critical information, that lay
in the hands of Hovey's counsel. "(BEAN V. CALDERON), 163
F 3d 1073, 1080-81 (9th Cir. 1998)(Finding prejudice where
counsel failed to adequately prepare mental health exerts,
whose testimony was, as a result, "less than persuasive at
best ... and a seeming artifice at worst" (internal
quotation marks omitted)).

In the present case, before and during the time of petitioners
trial between July 15 thru August 2002 his mental health records
that were critical to petitioners defense were misplaced and were
not located until December 2004, See Exhibit A. Further the
entire medical file was very recently turned over to the
petitioner via. U.S. Postal Services from Dr. Nathan Hare, Ph. D.,
who is a licensed clinical psychologist, See Exhibit B.

The recently acquired medical records would have undermined
the prosecutions case. The defense presented evidence of

-2-

petitioners mental disorder which makes it unlikely that he
actually formed the requisite criminal intent necessary to prove
he aided and abetted in the murder and kidnapping, RT 959-963.

The prosecution used evidence that petitioner exaggerated his
symptoms therefore discrediting his mental disorder, See RT 974,
1261-1264. However, according to the newly acquired medical
records petitioner actually minimized his symptoms. The defense's
expert witness Dr. Lerchin, had to testify to petitioners mental
disorder with a very limited amount of factual information in
regards to the petitioners background, like in Hovey v. Ayers, Dr.
Lerchin's testimony was the sole vehicle for presenting robust
evidence about petitioners mental condition, the jury was left
with the erroneous impression that petitioner may have been
attempting to fabricate a defense of mental illness not
withstanding, had the trial court or counsel recommended a
postponement of some sort while these medical records were located
and turned over to the prosecution and Dr. Lerchin, who was the
mental health expert called for his expert opinion. Then the
outcome of petitioners trial would have been different. The
petitioner respectfully requests that his case be vacated and
remanded for a new trial.

ARGUMENT II

Petitioner raised a claim of ineffective assistance of counsel contending that counsel failed to raise objections to gruesome photos.

Petitioner reiterates that his imprisonment is unlawful and violates the 6th Amendment under the United States Constitution. The petitioner further object so the Superior Courts decision.

Petitioner contends not only did trial counsel fail to object of gruesome photos he failed to properly investigate and locate critical evidence that was key to petitioners defense. Trial counsel called Dr. Lerchin to testify to the petitioner's history of mental health, however he failed to give the exert witness the material that was crucial in proving his case, See RT 982-983. Petitioner cites 2006 WL 2325130, Hovey v. Ayers Cal 2006.

> Hovey argues that he received ineffective assistance of counsel during the penalty phase because his attorney failed to adequately investigate and resent evidence of Hovey's mental condition at and around the time of his crime. Hovey contends that counsel failed to provide his psychiatric expert, Dr. Satten with key information about Hovey's mental health history and failed to adequately prepare Dr. Satten to testify. As a result, the testimony of his key penalty-phase witness was undermined, and his mitigation case was substantially prejudiced. The district court concluded that although counsel's performance was deficient, Hovey was not prejudiced by the deficiency.
> For the reasons discussed below, we disagree with the district courts prejudice analysis, and we conclude that Hovey is entitled to habeas relief on his claim. (FN2)

In the present case, the petitioner's expert witness was ill-prepared to put forth a proper diagnosis of the petitioners mental disorder because trial counsel failed to properly investigate and secure the petitioner's medical records from

-4-

96 Cal. Rptr. 2d 843.)

The petitioner prays that upon further review that he be granted a reversal and new trial or at the very least an evidentiary hearing.

Respectfully submitted,

Date: April 26 , 2007

*Roman Sunday Sr.*
Roman Sunday Sr.

# EXHIBIT D

# CALIFORNIA APPELLATE COURTS

### Case Information

| | |
|---|---|
| Welcome | **1st Appellate District** |
| Search | Court data last updated: 09/08/2008 05:05 PM |
| E-mail | **Case Summary   Docket   Scheduled Actions   Briefs** |
| Calendar | **Disposition   Parties and Attorneys   Trial Court** |
| Help | |
| Opinions | |

Change court

## Docket (Register of Actions)

**In re Sunday on Habeas Corpus.**
**Division 5**
**Case Number A117404**

| Date | Description | Notes |
|---|---|---|
| 04/16/2007 | Petition for a writ of habeas corpus filed. | |
| 04/18/2007 | Order denying petition filed. | BY THE COURT: The petition for writ of habeas corpus is denied. (In re Clark (1993) 5 Cal.4th 750, 782-799 [Grounds 1 and 2]; In re Robbins (1998) 18 Cal.4th 770, 780 [Grounds 1 and 2]; In re Swain (1949) 34 Cal.2d 300, 303-304 [Grounds 1 and 2]; People v. Duvall (1995) 9 Cal.4th 464, 474 [Grounds 1 and 2]; In re Lindley (1947) 29 Cal.2d 709, 723 [Ground 1].) |
| 04/18/2007 | Case complete. | |
| 03/18/2008 | Shipped to state retention center, box # / list #: | L274 |

**Click here** to request automatic e-mail notifications about this case.

©2007 Judicial Council of California

# EXHIBIT E

# CALIFORNIA APPELLATE COURTS
## Case Information

| | |
|---|---|
| Supreme Court | |

**Supreme Court**

Court data last updated: 09/08/2008 04:53 PM

Welcome

Search

E-mail

Calendar

Help

Opinions

C|C
home

**Case Summary    Docket    Briefs**
**Disposition    Parties and Attorneys    Lower Court**

## Docket (Register of Actions)

**SUNDAY (ROMAN) ON H.C.**
**Case Number S152252**

| Date | Description | Notes |
|---|---|---|
| 04/26/2007 | Petition for writ of habeas corpus filed | Roman Sunday, Sr., petitioner in pro per |
| 04/26/2007 | Exhibit(s) lodged | 1 volume |
| 09/12/2007 | Petition for writ of habeas corpus denied | The petition for writ of habeas corpus is denied. (See In re Swain (1949) 34 Cal.2d 300, 304; People v. Duvall (1995) 9 Cal.4th 464, 474.) |

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California