IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMAN SUNDAY,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>D. K. SISTO, Warden,<br><br>　　　　　Respondent.　　　　　　　　／ | No. C 07-05308 SBA (PR)<br><br>**ORDER GRANTING THIRD EXTENSION OF TIME FOR PETITIONER TO FILE OPPOSITION TO MOTION TO DISMISS AND ADDRESSING PENDING MOTIONS**<br><br>(Docket nos. 9, 11) |

　　　Petitioner, a state prisoner, filed a pro se petition for a writ of habeas corpus. The Court directed Respondent to file an answer to the petition and granted Petitioner leave to file a traverse within thirty days after the answer was filed. In lieu of filing an answer, Respondent has filed a motion to dismiss the instant petition as untimely under 28 U.S.C. § 2244(d), the statute of limitations established by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. Petitioner has not filed an opposition to the motion to dismiss. On October 16, 2008, the Court granted Petitioner an extension of time to file an opposition. On November 4, 2008, the Court granted Petitioner a second extension of time to file an opposition.

　　　Before the Court is Petitioner's third request for an extension of time to file an opposition to Respondent's motion to dismiss. Also before the Court are Petitioner's motion for the Court to issue an Order "Re: Production of Documentary Evidence of Lockdowns at C.S.P. - Calipatria" and another motion entitled "Motion Pursuant to Fed. R. Civ. P. 60(b)(1)," which will both be construed as motions related to his request for an extension of time to file his opposition.

　　　Petitioner requests an extension of time in order "to obtain the necessary materials to defend against the government's allegation that his federal habeas petition is time-barred." (Mot. Pursuant to Fed. R. Civ. P. 60(b)(1) at 3.) He claims that he has requested "C.S.P. - Calipatria's legal coordinator to produce documentation evincing: when the prison was on lockdown between October

1    1, 2005 through December 12, 2006." (Mot. for EOT at 1.)  However, he has received no response

2    to his request.  (<u>Id.</u>)  Thus, he claims he "cannot attempt to compile . . . [an] opposition without such

3    documentary evidence, as one of the predicates of Petitioner's equitable tolling argument is based on

4    no law library access during **lockdowns**."  (<u>Id.</u> (citing <u>Calderon v. United States District Court</u>

5    <u>(Beeler)</u>, 128 F.3d 1283, 1288 (9th Cir. 1997), <u>overruled in part on other grounds by</u> <u>Calderon v.</u>

6    <u>United States District Court (Kelly)</u>, 163 F.3d 530 (9th Cir. 1998) (en banc)) (emphasis in original).)

8         The AEDPA, which became law on April 24, 1996, imposed a statute of limitations on

9    petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging

10   non-capital state convictions or sentences must be filed within one year of the latest of the date on

11   which: (1) the judgment became final after the conclusion of direct review or the time passed for

12   seeking direct review; (2) an impediment to filing an application created by unconstitutional state

13   action was removed, if such action prevented petitioner from filing; (3) the constitutional right

14   asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme

15   Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim

16   could have been discovered through the exercise of due diligence.  <u>See</u> 28 U.S.C. § 2244(d)(1).  The

17   petition may nonetheless be timely if the limitations period was tolled under 28 U.S.C. § 2244(d)(2)

18   for a substantial period of time.  The Ninth Circuit holds that the one-year limitation period can be

19   equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar.  <u>See</u> <u>Beeler</u>,

20   128 F.3d at 1288.

21        Here, Petitioner alleges that he is entitled to equitable tolling; however, he is unable to make

22   his equitable tolling argument without documents relating to lockdowns at C.S.P. - Calipatria

23   between October 1, 2005 through December 12, 2006.  He claims that he has been unsuccessful in

24   obtaining these documents from the prison's "legal coordinator."  (Mot. for EOT at 1.)  Because

25   Petitioner is incarcerated and has alleged difficulty in obtaining necessary documents, the Court

26   finds that he must be given the opportunity to view the aforementioned documents in order to

27   respond to Respondent's motion to dismiss.  In order to expedite matters, no later than **fourteen (14)**

28   **days** from the date of this Order, counsel for Respondent shall take steps to see that the appropriate

2

1 authorities provide Petitioner with copies of the documents relating to lockdowns at C.S.P. -
2 Calipatria between October 1, 2005 through December 12, 2006.

3      In light of this, the Court GRANTS Petitioner a third extension of time in which to file his
4 opposition to Respondent's motion to dismiss.  The parties shall abide by the briefing schedule
5 outlined below.  Petitioner's motion for the Court to issue an Order "Re: Production of Documentary
6 Evidence of Lockdowns at C.S.P. - Calipatria" and his motion entitled "Motion Pursuant to Fed. R.
7 Civ. P. 60(b)(1)" are DENIED as unnecessary.

## **CONCLUSION**

9    1.   No later than **fourteen (14) days** from the date of this Order, counsel for Respondent
10 shall take steps to see that the appropriate authorities provide Petitioner with copies of the
11 documents relating to lockdowns at C.S.P. - Calipatria between October 1, 2005 through December
12 12, 2006.

13    2.   Petitioner's motion for the Court to issue an Order "Re: Production of Documentary
14 Evidence of Lockdowns at C.S.P. - Calipatria" (docket no. 9) and his motion entitled "Motion
15 Pursuant to Fed. R. Civ. P. 60(b)(1)" (docket no. 11) are DENIED as unnecessary.

16    3.   Petitioner's motion for a third extension of time in which to file his opposition to
17 Respondent's motion to dismiss (docket no. 9) is GRANTED.  The time in which Petitioner may file
18 his opposition to Respondent's motion to dismiss will be extended up to and including **forty-five**
19 **(45) days** from the date of this Order.  Respondent shall file a reply brief no later than **fifteen (15)**
20 **days** after the date Petitioner's opposition is filed.  **No further extensions of time will be granted**
21 **in this case absent exigent circumstances.**

22    4.   This Order terminates Docket nos. 9 and 11.

23    IT IS SO ORDERED.

24 DATED: 5/19/09

                                                                     SAUNDRA BROWN ARMSTRONG
25                                                                      UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ROMAN SUNDAY,

        Plaintiff,

  v.

D.K. SISTO et al,

        Defendant.

Case Number: CV07-05308 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 21, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Roman Sunday
California State Prison - Solano
V-11338
P.O. Box 4000
Vacaville, CA 95696-4000

Dated: May 21, 2009

                                        Richard W. Wieking, Clerk
                                        By: LISA R CLARK, Deputy Clerk