IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROMAN SUNDAY, SR.,

              Petitioner,

   v.

D. K. SISTO, Warden,

              Respondent.

_____/

No. C 07-05308 SBA (PR)

**ORDER DENYING WITHOUT
PREJUDICE RESPONDENT'S MOTION
TO DISMISS PETITION AS UNTIMELY
AND SETTING BRIEFING SCHEDULE**

(Docket no. 6)

      Petitioner Roman Sunday, Sr., a state prisoner, filed the instant <u>pro se</u> petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      Before the Court is Respondent's motion to dismiss on the ground that it is time-barred under 28 U.S.C. § 2244(d), the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Petitioner filed an opposition to the motion.  Respondent filed a reply. Petitioner filed a response to the reply.

      Having considered all of the papers filed by the parties, the Court DENIES Respondent's motion to dismiss without prejudice to refiling it and addressing the equitable tolling issues below.

**<u>BACKGROUND</u>**

      On August 13, 2002, a Contra Costa County jury convicted Petitioner of first degree murder, kidnaping of a child under the age of fourteen, and unlawful possession of a firearm by a felon. Furthermore, the jury found the associated firearm use allegations to be true.

      On September 12, 2003, the trial court found that Petitioner had two previous serious felony convictions and sentenced him to state prison for the total indeterminate term of eighty-six years to life.  On June 22, 2005, the California Court of Appeal affirmed Petitioner's conviction.  (Resp't Ex. A.)  On October 12, 2005, the California Supreme Court denied his petition for review.  (Resp't Ex. B.)

      On November 13, 2006, Petitioner filed a habeas petition in the Santa Clara County Superior Court.  (Resp't Ex. C.)  The court denied the petition on December 21, 2006.  (<u>Id.</u>)  On April 16, 2007, Petitioner filed a habeas petition California Court of Appeals.  (Resp't Ex. D.)  The court

1   denied the petition on April 16, 2007.  (Id.)  On April 26, 2007, Petitioner filed a habeas petition in

2   the California Supreme Court.  (Resp't Ex. E.)  The supreme court denied the petition for review on

3   September 12, 2007.

4       On October 11, 2008,[1] Petitioner filed the instant federal habeas petition.  The federal court

5   file stamped the petition on June 16, 2008.

6   **DISCUSSION**

7       The AEDPA, which became law on April 24, 1996, imposes a statute of limitations on

8   petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging

9   non-capital state convictions or sentences must be filed within one year of the latest of the date on

10  which: (1) the judgment became final after the conclusion of direct review or the time passed for

11  seeking direct review; (2) an impediment to filing an application created by unconstitutional state

12  action was removed, if such action prevented petitioner from filing; (3) the constitutional right

13  asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme

14  Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim

15  could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d)(1).

16      A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner, must

17  satisfy the AEDPA statute of limitations.  See Calderon v. United States Dist. Court (Beeler), 128

18  F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States

19  Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).

20      The one-year period generally runs from "the date on which the judgment became final by

21  the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C.

22  § 2244(d)(1)(A).  "Direct review" includes the period within which a petitioner can file a petition for

---

[1]  A pro se federal or state habeas petition is deemed filed on the date it is delivered to prison authorities for mailing.  See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2000), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than the date it is received by the courts).  October 11, 2008 is the date Petitioner's federal habeas petition was signed and the earliest date that the petition could have been delivered to prison authorities for mailing; therefore, it will be deemed filed on that date.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1   a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files

2   such a petition.  Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).  Accordingly, if a petitioner

3   fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year

4   limitations period begins to run on the date the 90-day period defined by Supreme Court Rule 13

5   expires.  See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  The one-year period is

6   calculated according to the general rule for counting time in federal courts, Rule 6(a) of the Federal

7   Rules of Civil Procedure.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  That is, "the

8   day of the act, event, or default from which the designated period of time begins to run shall not be

9   included" in the one-year limitations period.  Fed. R. Civ. P. 6(a).  This is referred to as the

10  "anniversary method" because, absent any tolling, the expiration date of the limitations period will

11  be the same date as the triggering event in the following year.  Patterson, 251 F.3d at 1246.

12          In this case, Petitioner's conviction became final on January 10, 2006, when the time to file a

13  petition for a writ of certiorari in the Supreme Court expired.  Accordingly, Petitioner was required

14  to file his federal habeas petition no later than January 10, 2007.  See 28 U.S.C. § 2244(d).

15  Therefore, his petition filed on October 11, 2008 -- one year and nine months after the limitations

16  period had expired -- is untimely absent tolling.

17  **I.     Statutory Tolling**

18          AEDPA's one-year limitation period is tolled under § 2244(d)(2) for the "time during which

19  a properly filed application for State post-conviction or other collateral review with respect to the

20  pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2)).  This includes the time between a

21  lower state court's decision and the filing of a notice of appeal to a higher state court.  Carey v.

22  Saffold, 536 U.S. 214, 219-221 (2002).  In California, where prisoners generally use the state's

23  "original writ system," this means that the limitation period remains tolled during the intervals

24  between a state court's disposition of an original state habeas petition and the filing of a further

25  original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in

26  seeking review in the higher court.  See id. at 220-23; see also Nino v. Galaza, 183 F.3d 1003, 1005

27

28

1   (9th Cir. 1999) (limitation period "remains tolled during the intervals between the state court's

2   disposition of a state habeas petition and the filing of a petition at the next state appellate level").

3          After <u>Carey</u>, a state habeas petition is pending "in the absence of undue delay," while a

4   California petitioner "complete[s] a full round of [state] collateral review" all the way to the

5   California Supreme Court.  <u>Biggs v. Duncan</u>, 339 F.3d 1045, 1048 (9th Cir. 2003) (citation and

6   internal quotations marks omitted).  But if there is any gap between the completion of one round of

7   review and the commencement of another round of state habeas review, the petitioner is not entitled

8   to tolling during the gap.  <u>See id.</u> at 1046-47, 1048; <u>see also</u> <u>Dils v. Small</u>, 260 F.3d 984, 986 (9th

9   Cir. 2001) (not tolling limitation period during gap between successive state habeas petitions filed in

10  the same court).

11         Respondent correctly notes that after Petitioner's process of direct review came to an end on

12  January 10, 2006, Petitioner allowed the one-year limitation period to run for 307 days until he filed

13  his first habeas petition in the Santa Clara County Superior Court on November 13, 2006.  Under

14  <u>Carey</u> and its progeny, the one-year limitation period could be tolled under § 2244(d)(2) until the

15  California Supreme Court denied Petitioner's round of state habeas review on September 12, 2007.

16  After the California Supreme Court denied Petitioner's habeas petition on September 12, 2007,

17  Petitioner had fifty-eight days left (365 days - 307 days) to file a federal habeas petition on time.  If

18  Petitioner were entitled to statutory tolling the entire time he completed a full round of state

19  collateral review, then he timely filed his federal habeas petition twenty-nine days later, on October

20  11, 2007.

21         Respondent claims that Petitioner is not entitled to any statutory tolling in connection with

22  Petitioner's habeas petitions to the state appellate and supreme courts.  Respondent argues that

23  Petitioner's appellate court petition -- filed almost four months after the superior court denied his

24  petition -- was not "properly filed" within the meaning of § 2244(d)(2) because it was denied as

25  untimely by the state appellate court.

26         A petitioner is not entitled to statutory tolling for any petition denied by the state courts as

27  untimely because such a petition is considered "neither 'properly filed' nor 'pending'" in the state

28

4

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1    courts within the meaning of § 2244(d)(2).  Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007)

2    (citing Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005) (citing Pace v. DiGuglielmo, 544 U.S.

3    408, 417 (2005)).  The Supreme Court has made clear that "[w]hen a postconviction petition is

4    untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)."  Pace, 544 U.S.

5    at 414.

6           Respondent suggests that because the state appellate court denied Petitioner's habeas petition

7    citing In re Clark, 5 Cal. 4th 750, 782-99 (1993), and In re Robbins, 18 Cal. 4th 770, 780 (1998), it

8    signaled that the petition was untimely.  (Resp't Ex. D.)  Accordingly, Respondent argues that under

9    Pace, the appellate court petition did not extend the period of statutory tolling through September

10   12, 2007, when the state supreme court denied the petition, and thus Petitioner's federal petition is

11   untimely.

12          The Court agrees that if Petitioner's state habeas petition was denied as untimely under state

13   law, his federal petition would be untimely under 28 U.S.C. § 2244(d).  The issue here is whether

14   the state appellate court clearly rejected the petition as untimely when it cited In re Clark and In re

15   Robbins in its summary order of denial.

16          In Thorson, the California Supreme Court summarily denied Thorson's habeas petition with a

17   citation to In re Robbins, 18 Cal. 4th at 780.  The Ninth Circuit held that the Supreme Court of

18   California had "clearly rejected Thorson's habeas petition as untimely" by citing In re Robbins,

19   because the court's summary order cited the very page of In re Robbins that sets forth 'the basic

20   analytical framework' governing California's timeliness determinations in habeas corpus

21   proceedings."  Thorson, 479 F.3d at 645.

22          In Bonner, the California superior court explained that it was denying Bonner's petition

23   because, among other reasons, Bonner had either made the same claims in his earlier petition or

24   could have done so, and that there was no reason stated for any delay in this regard.  The Ninth

25   Circuit held that "it is clear that the [state superior] court was denying Bonner's petition as

26   untimely."  Bonner, 425 F.3d at 1148.  It noted that the superior court's language tracked California's

27   requirement that, to avoid the state's timeliness bar, a petitioner must establish good cause for his

28

5

1   delay, and that the record showed that Bonner had waited over four years to file his second petition.

2   Id.  If California courts have deemed periods of three years substantial, Bonner had to establish good

3   cause for his four-year delay.  Id.  "When the court noted that Bonner had asserted no reason for his

4   delay, then, the court was explaining that he had not met his burden of establishing good cause."  Id.

5          In In re Clark, the California Supreme Court held that "the general rule is still that, absent

6   justification for the failure to present all known claims in a single, timely petition for writ of habeas

7   corpus, successive and/or untimely petitions will be summarily denied."  5 Cal. 4th at 797.  The

8   lengthy opinion primarily discusses the standards for applying, as well as the exceptions to, the

9   procedural bars against successive and/or untimely petitions.  The opinion also discusses other

10   limitations on collateral attack in the California courts.  See id. at 763-67.

11          Like in Thorson and Bonner, it is clear in the instant case that the state appellate court

12   rejected Petitioner's habeas petition as untimely when it issued its summary order with citations to In

13   re Clark and In re Robbins.  The appellate court cited to the specific pages in the In re Clark and In

14   re Robbins opinions indicating that the denial was based on untimeliness grounds.

15          Under the circumstances, the state appellate court "'clearly ruled'" that Petitioner's habeas

16   petition was "untimely."  Pace, 544 U.S. at 414 (quoting Carey v. Saffold, 536 U.S. 214, 226

17   (2002)).  Thus, the rationale of Pace extends to this case.  See Thorson, 479 F.3d at 645 (applying

18   rationale of Pace where denial of state petition was clear denial on timeliness grounds); Bonner, 425

19   F.3d at 1148-49 (same).  Accordingly, Petitioner's habeas petition filed in the state appellate court

20   was not "properly filed," thus, he not entitled to statutory tolling for his entire round of state

21   collateral review.

22          There is no dispute that Petitioner is entitled to statutory tolling from the time he filed his

23   habeas petition in the superior court on November 13, 2006 until the court's denial of the petition on

24   December 21, 2006.

25          As mentioned above, no further statutory tolling occurred after the superior court denied his

26   habeas petition until the date his appellate court petition was denied because that petition was

27   "neither 'properly filed' nor 'pending'" in the state appellate court within the meaning of §

28

United States District Court
For the Northern District of California

6

1    2244(d)(2).  See Pace, 544 U.S. at 417.  Thus, the limitations period ran unabated from December

2    22, 2006, the day after his superior court petition was denied, and it expired fifty-eight days[2] later on

3    February 18, 2007.

4            Petitioner's supreme court habeas petition was filed about two months later -- on April 26,

5    2007.  Because his supreme court habeas petition was filed after the one-year statute of limitations

6    had expired, the time it was pending in the state supreme court cannot serve to toll the statute.  See

7    Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the

8    reinitiation of the limitations period that has ended before the state petition was filed," even if the

9    state petition was timely filed.); see also Rashid v. Kuhlmann, 991 F. Supp. 254, 259 (S.D.N.Y.

10   1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a

11   statute of limitations").

12           Therefore, the instant federal habeas petition filed on October 11, 2007 is untimely by almost

13   eight months unless equitable tolling applies.

14   **II.     Equitable Tolling**

15           The one-year limitations period can be equitably tolled because § 2244(d) is a statute of

16   limitations and not a jurisdictional bar.  Beeler, 128 F.3d at 1288.  "When external forces, rather than

17   a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the

18   statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

19   Equitable tolling will not be available in most cases because extensions of time should be granted

20   only if "extraordinary circumstances beyond [a] prisoner's control make it impossible to file a

21   petition on time."  Beeler, 128 F.3d at 1288 (citation and internal quotation marks omitted).  The

22   prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness."

23   Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).  The Ninth Circuit has said

24   that the petitioner "bears the burden of showing that this extraordinary exclusion should apply to

---

26       [2]  As mentioned above, Petitioner had allowed 307 days to run prior to filing his superior court
27   petition; therefore, he only had fifty-eight days (365 days - 307 days) of the limitations period
     remaining.

28                                                   7

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1  him." <u>Miranda</u>, 292 F.3d at 1065.  Whether equitable tolling is in order turns on an examination of

2  detailed facts.  <u>Lott v. Mueller</u>, 304 F.3d 918, 923 (9th Cir. 2002).

3       In <u>Laws v. Lamarque</u>, the Ninth Circuit reversed the district court's order granting a motion

4  to dismiss because it failed to develop the record in response to Law's claim of mental

5  incompetency.  351 F.3d 919, 924 (9th Cir. 2003).  The Ninth Circuit found that the allegations of

6  the verified state petition attached to Law's traverse, stating that he was "deprived [] of any kind of

7  cons[ci]ousness" during the period when his petitions should have been filed, may be treated as an

8  affidavit in opposition to the motion to dismiss.  <u>Id.</u> (citing <u>McElyea v. Babbitt</u>, 833 F.2d 196,

9  197-98 (9th Cir. 1987)).  The Ninth Circuit determined that a district court should not require the

10  petitioner to "carry a burden of persuasion" at the time he asserts equitable tolling to merit further

11  investigation into the merits of his arguments for tolling.  <u>Id.</u> at 924.  Instead, Ninth Circuit cases

12  require only that there be "circumstances consistent with [the] petitioner's petition . . . under which

13  he would be entitled to . . . equitable tolling" to trigger further factual development of the record.  <u>Id.</u>

14  (citing <u>Whalem/Hunt v. Early</u>, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (remanding case to

15  district court for development of facts concerning whether AEDPA materials were unavailable in the

16  prison law library and the legal significance of such a finding)).  The Ninth Circuit found that the

17  district court erred in granting judgment against Laws based upon the papers before it and that "[i]t

18  [was] enough that Laws 'alleged mental competency' in a verified pleading."  <u>Laws</u>, 351 F.3d at 924

19  (citations omitted).  Therefore, the Ninth Circuit held that Laws was entitled to further factual

20  development or an evidentiary hearing on the issue of whether he was precluded from filing his

21  petition by reason of mental impairment.  <u>Id.</u>

22       In the present case, Petitioner has listed several reasons that he alleges contributed to his

23  delay in filing his federal petition.

24       First, Petitioner argues that he did not receive his legal files from his appellate counsel until

25  February 25, 2006.  He claims that "equitable tolling should accrue from January 10, 2006 through

26  February 25, 2006 because a deprivation of his legal materials for 46 days . . . [was] an 'impediment

27  beyond the prisoner's control.'"  (Opp'n at 3.)

28

**United States District Court**
For the Northern District of California

A habeas petitioner cannot be expected to "'prepare and file a meaningful petition on his own within the limitations period' without access to his legal file." <u>Espinoza-Matthews v. California</u>, 432 F.3d 1021, 1027-28 (9th Cir. 2005) (quoting <u>Spitsyn</u>, 345 F.3d at 801). Therefore, Petitioner's lack of access to his legal files could constitute an extraordinary circumstance sufficient to warrant equitable tolling. <u>See id.</u> (equitable tolling warranted during inmate's eleven-month stay in administrative segregation because he was denied access to legal papers despite his repeated requests for them); <u>see also</u> <u>Lott v. Mueller</u>, 304 F.3d 918, 921-24 (9th Cir. 2002) (granting habeas petitioner equitable tolling for eighty-two days he was deprived of his legal materials due to two temporary transfers, despite the fact that petitioner received materials shortly before the limitation period was to expire). Petitioner alleges that the forty-six days that he was without access to his legal files (after the limitation period started to run against him on January 10, 2006) made it impossible for him to file a federal petition on time. In the reply, Respondent states:

> [P]etitioner fails to demonstrate any basis for equitable tolling, inasmuch as appellate counsel provided [P]etitioner's legal file after only 46 days, with over ten months remaining in the statute of limitations period. It is absurd for [P]etitioner to now claim that appellate counsel's conduct amounted to an extraordinary circumstance that made it impossible for him to file his petition.

(Reply at 2.) Respondent's statements are conclusory, and he does not take into consideration Petitioner's arguments below that he is entitled to equitable tolling during nine of the remaining ten months (from February 25, 2006 through November 13, 2006) based on limited access to the law library. Thus, the Court finds that Respondent has not sufficiently addressed whether Petitioner is entitled to equitable tolling based on a lack of access to his legal materials.

Petitioner next claims that he is entitled to equitable tolling "during the period of February 25, 2006 through November 13, 2006, the filing date of the state-habeas petition seeking collateral relief, due to the myriad lockdowns and limited access to the law-library at CSP-Calipatria . . . ." (Opp'n at 3.) Initially, Petitioner had filed a motion for the Court to issue an Order "Re: Production of Documentary Evidence of Lockdowns at C.S.P. - Calipatria," claiming that he was unable to make his equitable tolling argument without documents relating to lockdowns at California State Prison - Calipatria between October 1, 2005 through December 12, 2006. (Pet'r Oct. 28, 2008 Mot.

9

United States District Court
For the Northern District of California

at 1.)  He claimed that he had been unsuccessful in obtaining these documents from the prison's "legal coordinator."  (<u>Id.</u>)  In an Order dated May 19, 2009, the Court granted Petitioner an extension of time to file his opposition stating, "[b]ecause Petitioner is incarcerated and has alleged difficulty in obtaining necessary documents, the Court finds that he must be given the opportunity to view the aforementioned documents in order to respond to Respondent's motion to dismiss."  (May 19, 2009 Order at 2.)  The Court directed counsel for Respondent to "take steps to see that the appropriate authorities provide Petitioner with copies of the documents relating to lockdowns at C.S.P. - Calipatria between October 1, 2005 through December 12, 2006."  (<u>Id.</u> at 3.)  On August 7, 2009, Respondent filed a "Response to Court Order to Provide Petitioner with Copies of Prison Records" and provided the Court with competent evidence in the form of the Program Status Reports for this time period.  Contrary to Petitioner's claims, this evidence demonstrates that the prison was never on "lockdown" or on a "state of emergency" status during the relevant time period.  (Resp't Attach. 1-4.)  The Program Status Reports classify the prison as having been on a "modified program" beginning on August 18, 2005 due to an attempted murder on a peace officer.  (<u>Id.</u>)  Pursuant to this modified program, the inmates' access to the law library was classified as "NORMAL 12 inmates (2 C/Os)" in most of the Program Status Reports.  (<u>Id.</u>)  Some Program Status Reports classified the inmates' access to the law library as "APPROVED COURT DEADLINES."  (<u>Id.</u>)  Toward the end of the relevant time period from July 26, 2006 though October 27, 2006, the Program Status Reports classified the inmates' access to the law library as "NORMAL 15 inmates and 3 clerks."  (<u>Id.</u>)

In light of these Program Status Reports, Petitioner now concedes that twelve inmates at a time were permitted to use the prison law library during the time period at issue; however, he "avers he signed-up on the logsheet requesting access to the library each time it was available for his yard, to no avail."  (Opp'n at 3.)  Even after viewing the Program Status Reports showing that no lockdowns occurred, Petitioner, in his opposition, asserts equitable tolling should accrue "during the period of February 25, 2006 through November 13, 2006, the filing date of the state-habeas petition seeking collateral relief, due to the myriad lockdowns and limited access to the law-library at CSP-Calipatria, i.e., the 12 inmates permitted access to the law-library are picked from a pool of over 500

United States District Court
For the Northern District of California

1   prisoners." (Id.) Petitioner's failure to provide a factual basis for his conclusory statement that there

2   were "lockdowns" during this time period leaves Respondent's evidence -- showing no lockdowns

3   occurred during this time period -- unrefuted. Therefore, the Court only focuses on Petitioner's

4   claim that his access to the law library was limited from February 25, 2006 through November 13,

5   2006.

6          The existence of an adequate law library does not provide for meaningful access to the courts

7   if the prisoners are not allowed a reasonable amount of time to use the library. See Lindquist v.

8   Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir. 1985). However, the Constitution does

9   not guarantee a prisoner unlimited access to the law library. Prison officials of necessity must

10   regulate the time, manner and place in which library facilities are used. Id. The fact that a prisoner

11   must wait for a turn to use the library does not necessarily mean that he has been denied meaningful

12   access to the courts. Id. Moreover, prisoners on lockdown or in the Security Housing Unit may face

13   delays in accessing the law library, but so long as the delays are the product of prison regulations

14   reasonably related to legitimate penological interests, such delays are not of constitutional

15   significance, even where they result in actual injury. Lewis v. Casey, 518 U.S. 343, 361-62 (1996).

16          In the instant case, it is conceivable that equitable tolling might be warranted because

17   Petitioner was prevented from preparing a timely petition due to his limited access to the law library.

18   Again, Respondent did not fully address this issue in his reply to Petitioner's opposition.

19   Respondent merely states, "There is no documentary evidence of any kind that supports

20   [P]etitioner's claim that he regularly signed up to use the prison law library, but was somehow never

21   allowed to use it." (Reply at 3.) Such an argument is conclusory, and Respondent fails to address

22   Petitioner's claim that his limited access to the law library prevented him from filing a timely

23   petition. In support of his claim, Petitioner alleges that "[t]he library was rotated between yards

24   every other day, so by submitting a sign-up request for library access did not guarantee [him] a spot

25   in the library . . . [i]n fact it could take up to 6 weeks to gain access for 2 hours." (Pet'r Resp. to

26   Reply at 1.) As mentioned above, Respondent has submitted evidence countering Petitioner's claim

27

28

11

1   of lockdowns during the relevant time period; however, Respondent has failed to refute Petitioner's

2   allegations that law library access was limited during that time.

3        In sum, the Court finds that Respondent has not addressed whether Petitioner is entitled to

4   equitable tolling based on his lack of access to his legal materials and his limited access to the law

5   library.  Accordingly, the Court DENIES Respondent's motion to dismiss without prejudice to

6   renewing the motion and addressing the aforementioned equitable tolling issues raised in Petitioner's

7   opposition.

8                                      **CONCLUSION**

9        For the foregoing reasons,

10       1.      Respondent's motion to dismiss the petition as untimely (docket no. 6) is DENIED

11  without prejudice to renewing the motion and addressing the equitable tolling issues set forth above

12  no later that **sixty (60) days** of the date of this Order.  If Respondent chooses to file a renewed

13  motion, Petitioner shall file an opposition, no later than **thirty (30) days** of his receipt of the

14  renewed motion, and Respondent shall file with the Court and serve on Petitioner a reply no later

15  than **fifteen (15) days** of receipt of any opposition.

16       2.      Should Respondent fail to file a renewed motion to dismiss within the sixty-day time

17  frame, Respondent is directed to SHOW CAUSE why the petition should not be granted.

18  Respondent shall file with this Court and serve upon Petitioner, no later than **sixty (60) days** of the

19  date of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section

20  2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file

21  with the Answer a copy of all portions of the state trial record that have been transcribed previously

22  and that are relevant to a determination of the issues presented by the petition.

23       3.      If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with

24  the Court and serving it on Respondent no later than **forty-five (45) days** of his receipt of the

25  Answer.  Should Petitioner fail to do so, the petition will be deemed submitted and ready for

26  decision **forty-five (45) days** after the date Petitioner is served with Respondent's Answer.

27

28

12

United States District Court
For the Northern District of California

1    4.      It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the court

2    informed of any change of address by filing a separate paper with the Clerk of the Court headed

3    "NOTICE OF CHANGE OF ADDRESS," and comply with any orders of the Court within the time

4    allowed or ask for an extension of that time.  Failure to do so may result in the dismissal of this

5    action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  See Martinez v.

6    Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

7    5.      Petitioner is reminded that all communications with the Court, whether by way of

8    formal legal motions or informal letters, must be served on Respondent by mailing a true copy of the

9    document to Respondent's counsel.

10   6.      Extensions of time are not favored, though reasonable extensions will be granted.

11   However, the party making a motion for an extension of time is not relieved from his or her duty to

12   comply with the deadlines set by the Court merely by having made a motion for an extension of

13   time.  The party making the motion must still meet the deadlines set by the Court until an order

14   addressing the motion for an extension of time is issued.  Any motion for an extension of time must

15   be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

16   7.      This Order terminates Docket no. 6.

17   IT IS SO ORDERED.

18   DATED: September 30, 2009

         _Saundra B Armstrong_
         SAUNDRA BROWN ARMSTRONG
19       United States District Judge

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ROMAN SUNDAY,

               Plaintiff,

  v.

D.K. SISTO et al,

             Defendant.

_____/

Case Number: CV07-05308 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 15, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Roman Sunday
California State Prison - Solano
V-11338
P.O. Box 4000
Vacaville, CA 95696-4000

Dated: October 15, 2009

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.07\Sunday5308.denyMTD(14).frm