United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROMAN SUNDAY, SR.,

    Petitioner,

v.

D. K. SISTO, Warden,

    Respondent.

No. C 07-05308 SBA (PR)

**ORDER GRANTING RESPONDENT'S RENEWED MOTION TO DISMISS PETITION AS UNTIMELY; AND DENYING CERTIFICATE OF APPEALABILITY**

(Docket no. 26)

    Petitioner Roman Sunday, Sr. filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Before the Court is Respondent's renewed motion to dismiss the petition as untimely (renewed MTD) under 28 U.S.C. § 2244(d) -- the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner has filed an opposition, and Respondent has filed a reply. Petitioner has also filed a response to the reply.

    Having considered all of the papers filed by the parties, the Court GRANTS Respondent's renewed MTD.

**BACKGROUND**

    As discussed in the Court's September 30, 2009 Order denying Respondent's previously filed motion to dismiss (MTD), the following procedural background is undisputed:

> On August 13, 2002, a Contra Costa County jury convicted Petitioner of first degree murder, kidnaping of a child under the age of fourteen, and unlawful possession of a firearm by a felon. Furthermore, the jury found the associated firearm use allegations to be true.
>
> On September 12, 2003, the trial court found that Petitioner had two previous serious felony convictions and sentenced him to state prison for the total indeterminate term of eighty-six years to life. On June 22, 2005, the California Court of Appeal affirmed Petitioner's conviction. (Resp't Ex. A.) On October 12, 2005, the California Supreme Court denied his petition for review. (Resp't Ex. B.)
>
> On November 13, 2006, Petitioner filed a habeas petition in the Santa Clara County Superior Court. (Resp't Ex. C.) The court denied the petition on December 21, 2006. (Id.) On April 16, 2007, Petitioner filed a habeas petition California Court of Appeals. (Resp't Ex. D.) The court denied the petition on April 16, 2007. (Id.) On April 26, 2007, Petitioner filed a habeas petition in the

California Supreme Court. (Resp't Ex. E.) The supreme court denied the petition for review on September 12, 2007.

(Sept. 30, 2009 Order at 1-2.)

On October 11, 2007,[1] Petitioner filed the instant federal habeas petition.

On September 9, 2008, Respondent filed the first MTD. Petitioner filed an opposition to the MTD. Respondent filed a reply. Petitioner filed a response to the reply.

In its September 30, 2009 Order, the Court considered whether Petitioner was entitled to statutory tolling of the limitations period:

> Respondent correctly notes that after Petitioner's process of direct review came to an end on January 10, 2006, Petitioner allowed the one-year limitation period to run for 307 days until he filed his first habeas petition in the Santa Clara County Superior Court on November 13, 2006. Under Carey [536 U.S. 214, 219-220-23 (2002)] and its progeny, the one-year limitation period could be tolled under § 2244(d)(2) until the California Supreme Court denied Petitioner's round of state habeas review on September 12, 2007. After the California Supreme Court denied Petitioner's habeas petition on September 12, 2007, Petitioner had fifty-eight days left (365 days - 307 days) to file a federal habeas petition on time. If Petitioner were entitled to statutory tolling the entire time he completed a full round of state collateral review, then he timely filed his federal habeas petition twenty-nine days later, on October 11, 2007.
>
> Respondent claims that Petitioner is not entitled to any statutory tolling in connection with Petitioner's habeas petitions to the state appellate and supreme courts. Respondent argues that Petitioner's appellate court petition -- filed almost four months after the superior court denied his petition -- was not "properly filed" within the meaning of § 2244(d)(2) because it was denied as untimely by the state appellate court.

(Id. at 4.)

Upon considering Respondent's argument that the appellate court petition did not extend the period of statutory tolling, and also upon determining that Petitioner's state appellate court petition was not "properly filed," the Court found statutory tolling insufficient to overcome the time bar to Petitioner's federal habeas petition, stating:

---

[1] A pro se federal or state habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2000), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than the date it is received by the courts). October 11, 2007 is the date Petitioner's federal habeas petition was signed and the earliest date that the petition could have been delivered to prison authorities for mailing; therefore, it will be deemed filed on that date.

2

> There is no dispute that Petitioner is entitled to statutory tolling from the time he filed his habeas petition in the superior court on November 13, 2006 until the court's denial of the petition on December 21, 2006.
>
> . . . [N]o further statutory tolling occurred after the superior court denied his habeas petition until the date his appellate court petition was denied because that petition was "neither 'properly filed' nor 'pending'" in the state appellate court within the meaning of § 2244(d)(2). See Pace [v. DiGuglielmo], [544 U.S. 408], 417 [(2005)]. Thus, the limitations period ran unabated from December 22, 2006, the day after his superior court petition was denied, and it expired fifty-eight days[2] later on February 18, 2007.
>
> Petitioner's supreme court habeas petition was filed about two months later -- on April 26, 2007. Because his supreme court habeas petition was filed after the one-year statute of limitations had expired, the time it was pending in the state supreme court cannot serve to toll the statute. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed.); see also Rashid v. Kuhlmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations").
>
> Therefore, the instant federal habeas petition filed on October 11, 2007 is untimely by almost eight months unless equitable tolling applies.

(Id. at 6-7 (footnote in original).) The Court, however, noted that Petitioner had argued in his opposition to Respondent's first MTD that he was entitled to equitable tolling, stating:

> In the present case, Petitioner has listed several reasons that he alleges contributed to his delay in filing his federal petition.
>
> First, Petitioner argues that he did not receive his legal files from his appellate counsel until February 25, 2006. He claims that "equitable tolling should accrue from January 10, 2006 through February 25, 2006 because a deprivation of his legal materials for 46 days . . . [was] an 'impediment beyond the prisoner's control.'" (Opp'n at 3.)
>
> A habeas petitioner cannot be expected to "'prepare and file a meaningful petition on his own within the limitations period' without access to his legal file." Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir. 2005) (quoting Spitsyn, 345 F.3d at 801). Therefore, Petitioner's lack of access to his legal files could constitute an extraordinary circumstance sufficient to warrant equitable tolling. See id. (equitable tolling warranted during inmate's eleven-month stay in administrative segregation because he was denied access to legal papers despite his repeated requests for them); see also Lott v. Mueller, 304 F.3d 918, 921-24 (9th Cir. 2002) (granting habeas petitioner equitable tolling for eighty-two days he was deprived of his legal materials due to two temporary transfers, despite the fact that

---

[2] As mentioned above, Petitioner had allowed 307 days to run prior to filing his superior court petition; therefore, he only had fifty-eight days (365 days - 307 days) of the limitations period remaining.

3

>petitioner received materials shortly before the limitation period was to expire). Petitioner alleges that the forty-six days that he was without access to his legal files (after the limitation period started to run against him on January 10, 2006) made it impossible for him to file a federal petition on time. In the reply, Respondent states:
>
>> [P]etitioner fails to demonstrate any basis for equitable tolling, inasmuch as appellate counsel provided [P]etitioner's legal file after only 46 days, with over ten months remaining in the statute of limitations period. It is absurd for [P]etitioner to now claim that appellate counsel's conduct amounted to an extraordinary circumstance that made it impossible for him to file his petition.
>
>(Reply at 2.) Respondent's statements are conclusory, and he does not take into consideration Petitioner's arguments below that he is entitled to equitable tolling during nine of the remaining ten months (from February 25, 2006 through November 13, 2006) based on limited access to the law library. Thus, the Court finds that Respondent has not sufficiently addressed whether Petitioner is entitled to equitable tolling based on a lack of access to his legal materials.
>
>     Petitioner next claims that he is entitled to equitable tolling "during the period of February 25, 2006 through November 13, 2006, the filing date of the state-habeas petition seeking collateral relief, due to the myriad lockdowns and limited access to the law-library at CSP-Calipatria . . . ." (Opp'n at 3.)

(Id. at 8-9.) Because Respondent did not address Petitioner's equitable tolling claims, the Court denied the first MTD without prejudice to renewing the motion and addressing whether Petitioner is entitled to equitable tolling based on his lack of access to his legal materials and his limited access to the law library. (Id. at 12.)

On January 29, 2010, Respondent filed a renewed MTD addressing the aforementioned equitable tolling claims. Petitioner filed an opposition. Respondent filed a reply. Petitioner filed a response to the reply.

## DISCUSSION

The AEDPA, which became law on April 24, 1996, imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right

4

asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1).

A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds, Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). The one-year period may start running from the expiration of the time for seeking direct review. See 28 U.S.C. § 2244(d)(1)(A).

The petition may nonetheless be timely if the limitations period was tolled under 28 U.S.C. § 2244(d)(2) for a substantial period of time. AEDPA's one-year limitations period is tolled under § 2244(d)(2) for the "'time during which a properly filed application for State post-conviction or other collateral review [with respect to the pertinent judgment or claim] is pending.'" Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244 (d)(2)), abrogated on other grounds by Pace, 544 U.S. 408. The one-year limitations period can also be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. Beeler, 128 F.3d at 1288.

As mentioned above, the Court has already determined that statutory tolling does not save the instant petition from being time barred. Petitioner claims that his lack of access to his legal materials and his limited access to the law library provide grounds for equitable tolling of the limitations period. In his opposition to the renewed MTD, he raises a new claim for equitable tolling based on his alleged "limited mental acuity." (Opp'n to Renewed MTD at 5.) Therefore, the Court must determine whether Petitioner is entitled to equitable tolling.

**I.      Equitable Tolling**

The Supreme Court has determined that AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d

1104, 1107 (9th Cir. 1999). Equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond [a] prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288. The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). Another statement of the standard is that a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing. Pace, 544 U.S. at 418.

The Ninth Circuit has said that the petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). Indeed, "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Id. at 1066 (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir.), cert. denied, 531 U.S. 878 (2000)).

However, "[r]ather than let procedural uncertainties unreasonably snuff out a constitutional claim, the issue of when grave difficulty merges literally into 'impossibility' should be resolved in [a petitioner's] favor." Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). When a prisoner is proceeding pro se, his allegations regarding diligence in filing a federal petition on time must be construed liberally. Roy v. Lampert, 465 F.3d 964, 970 (9th Cir. 2006).

Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to file a federal habeas application timely, the equitable tolling claim will be denied. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005), amended, 447 F.3d 1165 (9th Cir. 2006).

### A. Petitioner's Lack of Access to His Legal Materials

As mentioned above, Petitioner received his legal file from his appellate counsel on February 25, 2006, forty-six days after the limitations period started to run. However, he did not file his federal petition until October 11, 2007. Respondent argues: "Petitioner fails to demonstrate any basis for equitable tolling, inasmuch as appellate counsel provided Petitioner's legal file only 46

6

1 days, with over 10 months remaining in the applicable statute of limitations period." (Renewed
2 MTD at 6.) It seems that Respondent is arguing that Petitioner's allegations do not show a causal
3 connection between the delay in receiving his legal files and his inability to file a timely federal
4 habeas petition. Thus, Respondent contends that Petitioner is not entitled to equitable tolling for the
5 period from January 10, 2006 through February 25, 2006, during which his appellate counsel failed
6 to return his legal file to him. (Id. at 6-7 (comparing Espinoza-Matthews, 432 F.3d at 1027-28
7 (finding equitable tolling after prisoner was denied his legal file for eleven months).) Nevertheless,
8 the Court need not decide this issue because, as explained below, the present petition would still be
9 untimely by over six months.

### B. Petitioner's Limited Access to the Law Library

11 Even if Petitioner is entitled to equitable tolling during the entire forty-six-day period he did
12 not have access to his legal file, then he should have filed his federal habeas petition by February 26,
13 2007, a year after he received his legal file from his appellate counsel. Instead, he filed it around
14 eight months later, on October 11, 2007. However, as mentioned above, Petitioner argues he is
15 further entitled to equitable tolling from February 25, 2006 through November 13, 2006, the date he
16 filed his state superior court petition. Petitioner initially argued that he could not file a timely
17 federal petition even after obtaining his complete legal file because of his limited access to the law
18 library due to lockdowns at CSP-Calipatria during the 261-day period. (Opp'n to MTD at 3.) To
19 rebut Petitioner's claim that the prison was on lockdown status, Respondent filed all available
20 Program Status Reports for the period between October 1, 2005 and December 12, 2006. In its
21 September 30, 2009 Order, the Court found that, contrary to Petitioner's claims, the record showed
22 that "the prison was never on 'lockdown' or a 'state of emergency' status during the relevant time
23 period." (Sept. 30, 2009 Order at 10.) Thus, the Court noted that Petitioner revised his claim that he
24 was entitled to equitable tolling based on his limited access to the law library, stating:

> In light of these Program Status Reports, Petitioner now concedes that twelve
> inmates at a time were permitted to use the prison law library during the time
> period at issue; however, he "avers he signed-up on the logsheet requesting access
> to the library each time it was available for his yard, to no avail." (Opp'n at 3.)
> Even after viewing the Program Status Reports showing that no lockdowns

7

> occurred, Petitioner, in his opposition, asserts equitable tolling should accrue "during the period of February 25, 2006 through November 13, 2006, the filing date of the state-habeas petition seeking collateral relief, due to the myriad lockdowns and limited access to the law-library at CSP-Calipatria, i.e., the 12 inmates permitted access to the law-library are picked from a pool of over 500 prisoners." (Id.) Petitioner's failure to provide a factual basis for his conclusory statement that there were "lockdowns" during this time period leaves Respondent's evidence -- showing no lockdowns occurred during this time period -- unrefuted. Therefore, the Court only focuses on Petitioner's claim that his access to the law library was limited from February 25, 2006 through November 13, 2006.

(Id.) The Court still found it "conceivable that equitable tolling might be warranted because Petitioner was prevented from preparing a timely petition due to his limited access to the law library." (Id. at 11.)

In the present renewed MTD, Respondent argues that a "claim of limited access to the library does not automatically entitle a habeas petitioner to equitable tolling, particularly where a petitioner cannot show that he needed access to the law library to prepare and file his habeas petition on time. (Renewed MTD at 6 (citing to Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (lack of access to library materials does not automatically qualify as grounds for equitable tolling; rather, inquiry must be "fact-specific") and Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam) (denial of access to law library materials does not automatically qualify as grounds for equitable tolling, as inquiry is "highly fact-dependent").) Respondent has also submitted prison law library attendance logs, which show that Petitioner accessed the law library in 2006, specifically in March, once in May, once in June, twice in July, once in August, once in September, three times in October, and twice in November. (Resp't Ex. A.) The record also shows that Petitioner requested to use the law library on July 10, 2006 and September 14, 2006, but failed to show both times. (Id.) His absence is noted as unexcused in the attendance log for September 14, 2006, and it is excused for the one on July 10, 2006. (Id.) Meanwhile, in his opposition to the renewed MTD, Petitioner concedes that he did receive "roughly 18 hours" of access to the law library during the relevant time period. (Opp'n to Renewed MTD at 5.) However, he now also claims his law library access was still limited even if he was granted eighteen hours of access. He states, "the arduous procedure to attend the law library on another yard, e.g., it's quite a walk, mechanical restraints are employed, the

1  actual research time is nominal. Then, there are numerous ancillary impediments e.g., lockdowns,
2  short staffed, no program etc . . . ."  (Id.)  In addition, Petitioner argues that he was not provided
3  enough time in the law library, claiming that eighteen hours was insufficient especially in light of
4  the fact the he had difficulty "understanding" the legal aspects of his case.[3]

5  The Court construes his argument to be that he is entitled to equitable tolling based on his
6  pro se status in addition to his limited access to the prison law library.  A pro se petitioner's lack of
7  legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.
8  Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); cf. Cantu-Tzin v. Johnson, 162 F.3d 295,
9  299-300 (5th Cir. 1998) (pro se status during state habeas proceedings did not justify equitable
10 tolling); United States v. Flores, 981 F.2d 231, 236 (5th Cir. 1993) (pro se status, illiteracy, deafness
11 and lack of legal training not external factors excusing abuse of the writ).  Nor do "ordinary prison
12 limitations on . . . access to the law library and copier" constitute extraordinary circumstances or
13 make it impossible to file on time.  See Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009).

14 Petitioner's allegations fail to show that equitable tolling is warranted during time period his
15 law library access was allegedly limited from February 25, 2006 through November 13, 2006.
16 Petitioner fails to provide documentation establishing that he received only eighteen hours based on
17 the aforementioned dates he was given access to the law library.  Nor does he explain why eighteen
18 hours is insufficient, or why he failed to use the library during the times permitted.  Rather,
19 Petitioner claims that an "evidentiary hearing is necessary to develop the factual basis of his
20 equitable tolling claim."  (Opp'n to Renewed MTD at 4.)  The Court disagrees. The fact that
21 Petitioner neglected to utilize the library after signing up and receiving permission to do so suggests
22 that he had ample access to the law library, and that, if any, it likely is his lack of diligence --
23 evidenced in his failure to take advantage of library access based on his unexcused absence on

---

[3] Petitioner also claims that his "limited mental acuity makes understanding difficult," (opp'n to renewed MTD at 5); however, his claim of equitable tolling based on his alleged "limited mental acuity" will be discussed below.

9

September 14, 2006 -- as opposed to his limited access to the law library that was the cause of his untimeliness.

Petitioner claims that his "initial delay in filing a state petition seeking collateral relief in not due to [his] lack of diligence, 'the but for and proximate cause" of the 13 month delay to file collateral relief habeas petition was initially attributable to the lack of transcripts, combined with lack of adequate means to 'access the courts' (i.e., during lockdowns combined with a 12 prisoner limit petition could not access the law library, notwithstanding Petitioners limited mental acuity.)." (Id.) The Court finds, however, that a evidentiary hearing is not necessary because the record is sufficiently developed for consideration as it includes: (1) all available Program Status Reports for the period between October 1, 2005 and December 12, 2006 showing that there were no lockdowns at CSP-Calipatria during the relevant period; and (2) prison law library attendance logs, showing that Petitioner accessed the law library multiple times during the relevant time period.

Petitioner questions whether eighteen hours of law library access was "enough time;" however, he does not show any proof that he requested more access and was rejected. Petitioner does argue that he "signed-up on the logsheet requesting access to the library when it was available for his yard, with a modicum of results" (id. at 3); however, he does not support his argument with proof showing that he was not granted access to the law library on any pf the occasions he requested such access. Respondent rebuts Petitioner's argument by showing proof that Petitioner actually had an unexcused absence after signing up to use the law library on September 14, 2006. Petitioner argues that he "could have been absence [sic] once in a ten month period and thats not because Petition had ample access to the law library like the Respondent suggests." (Resp. to Reply to Opp'n to Renewed MTD at 4.) However, the Court finds Petitioner's argument unavailing because there is nothing in the record to show that Petitioner was prejudiced by being denied law library access. In fact, Petitioner concedes that he is merely claiming <u>limited</u> access to the law library and not a <u>denial</u> of his requests for access to the law library, stating:

> Respondent states, "Petitioner falsely claimed that he had repeatedly attempted to use the law library, but his requests were denied every time." Petitioner never said that, and I ask Respondent to prove that statement by showing the Court.

10

> How could that be true if Petitioner claims that he had limited access to the law library."

(Id. at 5.) As mentioned earlier, his conclusory statement that eighteen hours of law library access was insufficient is belied by the fact that he had an unexcused absence from access that he was granted on September 14, 2006 and that he has no proof that any more requests for access was ever made or denied by the prison. Accordingly, the Court finds that Petitioner's pro se status and his limited access to the prison law library did not make it impossible for him to file a federal petition on time, Beeler, 128 F.3d 1288; nor were they the cause of his untimeliness, Spitsyn, 345 F.3d at 799.

### C. Petitioner's Alleged "Limited Mental Acuity"

Finally, Petitioner raises a new claim that he is entitled to equitable tolling because of his alleged "limited mental acuity." (Opp'n to Renewed MTD at 5.) As a threshold matter, the Court notes that Petitioner failed to raise his alleged "limited mental acuity" as a basis for equitable tolling in his previous opposition to the MTD. He claims:

> The question posed to the reviewing court, that is, is roughly 18 hours enough time for a prisoner whose limited mental acuity makes understanding difficult enough. Muchless, the esoteric language and procedures correlative with figuring our the multifarious nuances of appellate law conflated with the AEDPA.
>
> Petitioner has maintained during trial that his mental condition prevented him from forming the requisite mens rea correlative with the actus reus of the offense. Petitioner continued this argument in his collateral-relief petition. (See infra.) Albeit, the state-court's summarily denied habeas relief, petitioner asserted a "lack of cognizant thought process."

(Id.)

Liberally construing the allegations in his opposition to the renewed MTD, Petitioner in effect is claiming that he is entitled to equitable tolling because he suffered from "limited mental acuity" during the time period in which he should have filed his federal habeas petition, beginning on January 10, 2006, when the statute of limitations started to run, through October 11, 2007, when he finally was able to file his federal habeas petition. (Id.) He alleges that "[c]omity and federalism concerns prompt further development of petitioner's claim of inadequate law-library access, that

11

coalesced with his mental deficiencies, should allow for discovery or ordering expansion of the factual record." (Id. at 6.)

In its September 30, 2010 Order, the Court cited to Laws v. Lamarque, 351 F.3d 919, 922-24 (9th Cir. 2003). Based on Laws, Petitioner in the present case is required to make an initial showing that he suffered from a mental illness severe enough to warrant equitable tolling. According to Laws, a district court must take care not to deny a motion for equitable tolling before a sufficient record can be developed. See 351 F.3d at 924. The court may only dismiss a claim in the presence of a sufficiently developed record containing "countervailing evidence" that rebuts a petitioner's claim. Id.

Severe mental illness is an extraordinary circumstance beyond a prisoner's control which justifies equitable tolling. However, a showing of mental illness alone will not necessarily toll the limitation period because most mental illnesses are treatable, and with proper treatment many sufferers are capable of managing their own affairs. See Miller v. Runyon, 77 F.3d 189, 192 (7th Cir.), cert. denied, 519 U.S. 937 (1996).

Here, the Court finds that Petitioner has not met his burden of showing that he is entitled to equitable tolling based on his alleged "limited mental acuity" from January 10, 2006 through October 11, 2007. The Court finds it need not further develop record because, as explained below, the record contains "countervailing evidence" that rebuts Petitioner's claim that he is entitled to equitable tolling based on his alleged "limited mental acuity." Furthermore, Petitioner's conclusory allegation of his "limited mental acuity" fails to amount to a showing of the type of severe mental illness that could amount to an extraordinary circumstance justifying equitable tolling. Even in claiming that his "mental condition prevented him from forming the requisite mens rea correlative with the actus reus of the offense," Petitioner does not show that he has a mental illness. Finally, his alleged "limited mental acuity" was not previously raised when Respondent filed the first MTD. Petitioner seemed to have only raised this new claim for equitable tolling only after his other claims failed. The Court will not address the credibility of his alleged "limited mental acuity," but instead it

finds that Petitioner has not met his burden of showing that he is entitled to equitable tolling based on such a claim from January 10, 2006 through October 11, 2007, as follows:

### 1.   January 10, 2006 through November 13, 2006

First, the Court finds unavailing Petitioner's argument that he is eligible for equitable tolling from January 10, 2006 through November 13, 2006. Petitioner has not submitted any medical records that describe any inability on his part to conduct his affairs or prepare legal work. In fact, he was successfully able to request his legal file from his appellate counsel. After he received his legal file on February 25, 2006, he was able to request access to the law library and was granted access for at least eighteen hours during the time period from February 25, 2006 through November 13, 2006. While Petitioner claims that he suffered from alleged "limited mental acuity," the record shows he was able to pursue his claims by asking for his case file, by researching his claims in the law library, and by eventually filing his first petition for collateral review on November 13, 2006. Petitioner must do more than simply assert his mental illness, as he has failed to show significant differences in his mental health between his period of idleness and his periods of active litigation. Therefore, Petitioner's equitable tolling claim during this time period is denied because he has not shown a causal connection between his alleged mental illness and his inability timely to file a federal habeas application. See Gaston, 417 F.3d at 1034-35 (holding that where the prisoner fails to show causal connection between physical and mental disabilities and inability timely to file petition, district court's finding that he was not entitled to equitable tolling was not clear error).

### 2.   November 13, 2006 through October 11, 2007

Second, as mentioned above, Petitioner filed his state superior court petition on November 13, 2006. He then pursued his claims on collateral review by filing petitions in the state appellate and supreme court prior to filing the instant federal habeas petition on October 11, 2007. Petitioner is not entitled to equitable tolling during the entire time he continued to pursue collateral relief in state court from November 13, 2006 through September 12, 2007, when the state supreme court denied his petition. Whether a prisoner has been able to file a prior state habeas petition is a factor in determining whether he was unable to timely file a petition in federal court, unless the prisoner

13

has shown a significant change in conditions since the filing of the earlier application. See Gaston, 417 F.3d at 1034-35; see also Ramirez, 571 F.3d at 998 (considering fact that prisoner made substantial legal filings in state court during relevant time period in concluding that limited law library and copier access did not make it impossible for him to file federal petition on time). Here, the record shows that beginning on November 13, 2006, Petitioner made substantial legal filings in the state superior, appellate and supreme courts until April 26, 2007. He fails to show any significant change in status since he filed his November 13, 2006 superior court state petition. Moreover, Petitioner has not submitted any medical records showing that he suffered from a mental illness that prevented him from filing his federal petition from November 13, 2006 through September 12, 2007. Therefore, Petitioner is not entitled to equitable tolling during that time period.

Finally, Petitioner waited a month after his state supreme court habeas petition was denied before filing his federal petition on October 11, 2007. For the reasons stated above, Petitioner fails to show that this one-month delay in filing his federal petition was caused by an "extraordinary circumstance" beyond his control. Therefore, he is not entitled to equitable tolling during this one-month period.

Accordingly, the Court denies Petitioner's claim for equitable tolling during the time period from January 10, 2006 through October 11, 2007.

In sum, the limitations period started to run on January 10, 2006. After forty-six days had elapsed, on February 25, 2006, Petitioner's legal file was returned to him. Assuming arguendo that Petitioner is entitled to equitable tolling of the forty-six day period he was without his legal file, the limitations period then continued to run for 261 additional days -- from February 25, 2006 until November 13, 2006, when he filed his state superior court petition. Petitioner was then entitled to statutory tolling of the limitations period from November 13, 2006 through December 21, 2006. As the Court determined in its September 30, 2009 Order, Petitioner's state appellate court petition was "neither 'properly filed' not 'pending'" in the state appellate court within the meaning of § 2244(d)(2); therefore, it did not extend the period of statutory tolling through September 12, 2007, when the state supreme court denied the petition. (Sept. 30, 2009 Order at 5-6.)

As mentioned above, Petitioner had allowed 261 days to run prior to filing his superior court petition; therefore, he only had 104 days (365 days - 261 days) of the limitations period remaining. Thus, the limitations period ran unabated from December 22, 2006, the day after his superior court petition was denied, and it expired 104 days later on April 5, 2007. Because Petitioner's state supreme court habeas petition filed on April 26, 2007 -- almost three weeks after the one-year statute of limitations had expired -- the time it was pending in the state supreme court cannot serve to toll the statute. See Ferguson, 321 F.3d at 823; see also Rashid, 991 F. Supp. at 259 (S.D.N.Y. 1998).

Therefore, the instant federal habeas petition filed on October 11, 2007 is untimely by almost six months. Accordingly, Respondent's renewed MTD (docket no. 26) is GRANTED. The petition is dismissed because it was not timely filed under 28 U.S.C. § 2244(d)(1).

## II.    Certificate of Appealability

The federal rules governing habeas cases brought by state prisoners have recently been amended to require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability (COA) in its ruling. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

For the reasons stated above, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

### CONCLUSION

For the foregoing reasons, Respondent's renewed MTD (docket no. 26) is GRANTED. Furthermore, a COA is DENIED. The Clerk of the Court shall enter judgment in favor of Respondent, terminate as moot all pending motions, and close the file.

This Order terminates Docket no. 26.

IT IS SO ORDERED.

DATED: 9/7/10

SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\HC.07\Sunday5308.grantMTD(sol).frm

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ROMAN SUNDAY,

        Plaintiff,

  v.

D.K. SISTO et al,

        Defendant.

Case Number: CV07-05308 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 9, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Roman Sunday
California State Prison - Solano
V-11338
P.O. Box 4000
Vacaville, CA 95696-4000

Dated: September 9, 2010

                                  Richard W. Wieking, Clerk
                                  By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\HC.07\Sunday5308.grantMTD(sol).frm